**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

AZURE NETWORKS, LLC,

          Plaintiff,

        vs.

VIZIO, INC.,

          Defendant.

CASE NO. 6:15-cv-00048

JURY TRIAL DEMANDED

**DEFENDANT VIZIO, INC.'S MOTION TO DISMISS PLAINTIFF AZURE
NETWORKS, LLC'S COMPLAINT**

## **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ...................................................................................................1

II.  STATEMENT OF THE ISSUES TO BE DECIDED.........................................1

III.  FACTUAL BACKGROUND ...............................................................................1

    A.  Procedural History .......................................................................................1

    B.  Azure's Allegations of Inducement and Willfulness ...............................2

IV.  ARGUMENT .........................................................................................................4

    A.  Legal Standard .............................................................................................4

    B.  Azure's Allegations of Inducement and Willful Infringement Should Be Dismissed. ....................................................................................................5

        (1)  Azure's Complaint fails to state a claim for induced infringement. ...........5

        (2)  Azure's Complaint fails to state a claim for willful infringement. .............8

V.  CONCLUSION....................................................................................................11

## TABLE OF AUTHORITIES

                                                                                          **Page**

## CASES

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
    No. 6:13-cv-365, 2014 WL 2892285, at *6 (W.D. Tex. May 12, 2014) ....................... 6, 8

*Aguirre v. Powerchute Sports, LLC*,
    No. 10-CV-0702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ......................... 7

*Air Vent, Inc. v. Owens Corning Corp.*,
    No. 10-cv-1699, 2011 WL 2601043, at *4 (W.D. Pa. June 30, 2011) .............................. 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).......................................................................................... 1, 4, 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).............................................................................................. 1, 4

*Blue Spike, LLC v. Texas Instruments, Inc.*,
    No. 6:12-cv-00499, Dkt. No. 1006, at 5 (E.D. Tex. Sept. 17, 2013)................................ 11

*Bonutti Skeletal* Innovations *LLC v. Smith & Nephew, Inc.*,
    No. 12-cv-1111, 2013 WL 6058472, at *1 n.4 (D. Del. Nov. 18, 2013)........................... 8

*Colony Ins. Co. v. Peachtree Const., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011).............................. 4

*DSU Med. Corp. v. JMS Co., Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006)......................................................................................... 6

*EnLink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*,
    No. 09-cv-3524, 2010 WL 1221861, at *2 (N.D. Cal. Mar. 24, 2010) .............................. 8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011)..................................................................................................... 6

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)............................................................................... 4, 5, 6, 9

*In re Great Lakes Dredge & Dock Co.*,
    624 F.3d 201 (5th Cir. 2010) .......................................................................................... 4

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007).................................................................................. 9, 11

*McRo, Inc. v. Rockstar Games, Inc.*,
    No. CV 12-1513-LPS-CJB, 2014 WL 1051527, at *7 (D. Del. Mar. 17, 2014) .............. 10

*Medsquire LLC v. Spring Med. Sys., Inc.*,
    No. 11-CV-4504, 2011 WL 4101093, at *3 (C.D. Cal. Aug. 31, 2011)............................. 8

*Norman IP Holdings, LLC v. Chrysler Group, LLC*,
    No. 6:13-cv-00278, Dkt. 216, at 6 (E.D. Tex. Mar. 5, 2014) ........................................... 7

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
    312 F. Supp. 2d 639 (D. Del. 2004)..................................................................................... 11

*Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l.*,
    957 F. Supp. 2d 1189 (S.D. Cal. 2013)................................................................................. 8

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
    700 F.3d 1287 (Fed. Cir. 2012).......................................................................................... 5, 7

*Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*,
    135 S. Ct. 831 (2015)........................................................................................................... 2

*Touchscreen Gestures LLC v. Research in Motion Ltd.*,
    No. 6:12-CV-264, 2013WL 8505349, at *2 (E.D. Tex. Mar. 27, 2013) ........................ 11

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
    No. 6:12CV366 MHS-JDL, 2013 WL 8482270, at *3 (E.D. Tex. Mar. 6, 2013) ...... 5, 6, 8

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
    2012 WL 1831543, at *3 and n.3 (N.D. Cal. May 18, 2012) ........................................... 7

*Virginia Innovation Sci., Inc. v. Samsung Elecs. Co.*,
    983 F. Supp. 2d 700 (E.D. Va. 2013) ............................................................................... 10

*Webmap Techs., LLC v. Google, Inc.*,
    No. 2:09-CV-343, 2010 WL 3768097, at *4 (E.D. Tex. Sept. 10, 2010)........................ 11

*Weyer v. MySpace, Inc.*,
    No. 2:10-CV-00499, 2010 WL 8445305, at *4 (C.D. Cal. June 17, 2010) ..................... 10

## **STATUTES**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ................................................................ 1

Rule 8 of the Federal Rules of Civil Procedure .......................................................................... 1

## I.      INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant VIZIO, Inc. ("VIZIO") moves to dismiss Plaintiff Azure Networks LLC's ("Azure") accusations of induced and willful infringement asserted in its Complaint.

Azure filed its Complaint against VIZIO without sufficient supporting facts and with a paucity of pre-filing investigation.  Azure's conclusory allegations of induced and willful infringement are insufficient under Rule 8 of the Federal Rules of Civil Procedure, as interpreted by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  The Complaint does not set forth factual allegations sufficient to show VIZIO's awareness of the alleged infringement of third parties, specific intent to encourage such infringement, or how any third parties directly infringe.  Similarly, Azure's barebones allegations of willfulness fail to set forth factual allegations sufficient to establish objective recklessness of the risk that VIZIO's actions constituted infringement.

## II.      STATEMENT OF THE ISSUES TO BE DECIDED

1.      Whether Azure's Complaint fails to state a claim for induced infringement because its allegations of induced infringement consist only of conclusory statements insufficient to show that VIZIO was aware of the alleged infringement of third parties, specifically intended to encourage such infringement, or how third parties allegedly directly infringe.

2.      Whether Azure's Complaint fails to state a claim for willful infringement because its allegations lack specific supporting facts and because Azure has not moved for preliminary injunctive relief.

## III.      FACTUAL BACKGROUND

### A.      <u>Procedural History</u>

In a previous suit, Azure accused VIZIO of infringing U.S. Patent No. 7,756,129 (the

1

"'129 patent") based on VIZIO's purported implementation of Bluetooth High Speed (HS) wireless technology.  See generally Case No. 6:12-cv-00750 (the "-750 case").  Azure subsequently abandoned its claim that Bluetooth High Speed (HS) infringes the '129 patent (or any related patents), and the parties stipulated to dismissal of the -750 case.  *See* -750 case, Agreement and Stipulation for Dismissal, Dkt. No. 194.[1]

On January 15, 2015, Azure filed its complaint in this action, accusing VIZIO of infringing nine patents, eight of which are continuations of the '129 patent.[2]  Dkt. No. 1.  Azure alleges in this case that certain other wireless communication standards—namely "Wi-Fi Direct" —infringe its patents.

### B.    Azure's Allegations of Inducement and Willfulness

Azure's complaint includes conclusory allegations of induced infringement and willfulness, without any factual support or basis.  With respect to inducement, Azure alleges:

> 50.    Defendant, directly and/or through subsidiaries or intermediaries, has and continues to induce infringement (literally and/or under the doctrine of equivalents) of one or more claims of the Asserted Patents. Defendant's deliberate and/or willfully blind actions include, but are not limited to, actively marketing to, supplying, causing the supply to, encouraging, recruiting, and instructing others such as consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, end users, and customers, to use, make available for another's use, promote, market, distribute, import, sell and/or offer to sell the

---

[1]   Based on the court's construction of the claim term "MAC Address" in the -750 case, Azure stipulated to entry of a final judgment of noninfringement.  On appeal, the Federal Circuit vacated that judgment, holding that the district court's construction of "MAC address" was incorrect.  The Federal Circuit's claim construction is now the subject of a petition for writ of certiorari to the United States Supreme Court, Case No. 14-976, which contends that the Federal Circuit's application of a *de novo* standard of review was erroneous under *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831 (2015) (holding that Federal Circuit must review a district court's findings of facts underpinning a claim construction ruling for clear error).

[2]   At approximately the same time that it filed its original complaint in this case against VIZIO, Azure also filed suits against 20 other defendants, accusing some of infringing the same patents asserted against VIZIO and accusing others of infringing a subset of those patents.  The allegations in the 20 other complaints substantially overlap with the allegations at issue here.

Infringing Products. These actions, individually and collectively, have induced and continue to induce the direct infringement of the Asserted Patents by others such as consumers, businesses, distributors, resellers, sales representatives, agents, channel partners, end users, and customers. Defendant knew and/or was willfully blind to the fact that the induced parties' use, testing, making available for another's use, promotion, marketing, distributing, importing, selling and/or offering to sell the Infringing Products would infringe one or more of the Asserted Patents.

51.     At least by filing and serving this Original Complaint for Patent Infringement, Azure has given Defendant written notice of the infringement. Furthermore, at least by filing and serving the Original Complaint for Patent Infringement in *Azure Networks, LLC, et al. v. Vizio, Inc*., Civ. Action No. 6:12-cv-750 (E.D. Texas), Azure has given Defendant written notice of the infringement. Because the '129 Patent, which was previously asserted against Defendant in *Azure Networks, LLC, et al. v. Vizio, Inc*., Civ. Action No. 6:12-cv-750 (E.D. Texas), and the other asserted patents are in the same patent family, upon information and belief, Defendant had knowledge of or was willfully blind to knowledge of the Asserted Patents and/or their patent applications and its infringement of said patents before the filing of this lawsuit. Defendant's infringing activities violate 35 U.S.C. § 271.

Complaint ¶¶ 50-51.  Azure's willfulness allegations similarly lack specific facts:

52.     Defendant's infringement of the Asserted Patents is willful to the extent that the filing and service of this Original Complaint for Patent Infringement gives Defendant actual notice of infringement, and Defendant continues to make, continue to make, use, make available for another's use, offer to license or license in the United States, sell or offer to sell, and/or import the Infringing Products, and/or continue to induce others such as consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, end users, and customers to infringe the Asserted Patents.

53.     Furthermore, Defendant's infringement of the Asserted Patents is willful to the extent that the filing and service of the Original Complaint for Patent Infringement in *Azure Networks, LLC, et al. v. Vizio, Inc*., Civ. Action No. 6:12-cv-750 (E.D. Texas) gives Defendant actual notice of infringement, and Defendant continues to make, continue to make, use, make available for another's use, offer to license or license in the United States, sell or offer to sell, and/or import the Infringing Products including reasonably similar products and systems known to Defendant and variants thereof, and/or continue to induce others such as consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, end users, and customers to infringe the Asserted Patents.

54.     Because the '129 Patent, which was previously asserted against Defendant in *Azure Networks, LLC, et al. v. Vizio, Inc*., Civ. Action No. 6:12-cv-750 (E.D. Texas), and the other asserted patents are in the same patent family, upon information and belief, Defendant had knowledge of the Asserted Patents

and/or their patent applications and its infringement of said patents before the
filing of this lawsuit.

Complaint ¶¶ 52-54.

## IV.    ARGUMENT

### A.    <u>Legal Standard</u>

A plaintiff must allege non-conclusory facts that make liability "plausible," meaning that

they "allow[] the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678.  Pleading facts that are "merely consistent with" a

defendant's liability is insufficient to satisfy the "plausibility" requirement.  *Id.* (internal

quotation marks omitted);  *Twombly*, 550 U.S. at 557.

In a patent infringement case, whether a complaint fails to state a claim upon

which relief can be granted is a procedural issue governed by regional circuit law, rather

than by the specific law of the Federal Circuit.  *In re Bill of Lading Transmission &*

*Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).  "While a complaint

need not contain detailed factual allegations, it must set forth 'more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"

*Colony Ins. Co. v. Peachtree Const., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011); *see also In*

*re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) (in deciding

whether a claim states a claim for relief, a court does not accept as true "conclusory

allegations, unwarranted factual inferences, or legal conclusions" (internal quotation

marks omitted)).

Claims for indirect infringement are governed by the pleading standards set forth in

*Twombly* and *Iqbal.  See, In re Bill of Lading*, 681 F.3d at 1339.  In order to state a claim for

induced infringement, a complaint must (1) "contain facts plausibly showing" that the defendants

"specifically intended their customers to infringe" plaintiff's patents and (2) "knew that the

4

customer's acts constituted infringement."  *Id.*  A court may properly dispose of a claim of

induced infringement on a motion to dismiss.  *See id.*; *see also U.S. Ethernet Innovations, LLC v.*

*Cirrus Logic, Inc.*, No. 6:12CV366 MHS-JDL, 2013 WL 8482270, at *3 (E.D. Tex. Mar. 6,

2013) (dismissing induced infringement allegations).

Similarly, allegations of willful infringement must satisfy the pleading standards of

*Twombly* and *Iqbal*.  "[A]t the pleading stage, a plaintiff alleging willful infringement should

provide enough facts that, when taken as true, show objective recklessness" of a risk of

infringement by a defendant.  *U.S. Ethernet*, 2013 WL 8482270, at *5 (dismissing willful

infringement allegations that were "devoid of facts" and made only a "conclusory assertion" that

defendant "had knowledge of the asserted patents and continued to infringe").

### B.    **Azure's Allegations of Inducement and Willful Infringement Should Be Dismissed.**

#### (1)    **Azure's Complaint fails to state a claim for induced infringement.**

Azure's allegations of induced infringement are based solely on conclusory statements

that fail to satisfy the pleading standards set forth by the Supreme Court.  *See Iqbal*, 556 U.S. at

678 ("[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements

of a cause of action will not do.'") (quoting *Twombly*, 55 U.S. at 555).  Following *Twombly* and

*Iqbal*, courts have dismissed induced infringement claims that—like the one here—lack even

basic factual allegations.  *See, e.g.*, *Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d

1287, 1295-96 (Fed. Cir. 2012) (affirming dismissal of indirect patent infringement claims and

observing "the pleading requirements set forth in [*Twombly* and *Iqbal*] apply to such claims").

To state a claim for induced infringement, a plaintiff must plead facts sufficient to make

plausible the following elements:  (1) knowledge of the asserted patents; (2) knowledge of

underlying direct infringement by a third party; and (3) specific intent to encourage that

infringement.  *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)

("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."); *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305-06 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." (internal quotation marks and citations omitted)).  To survive a motion to dismiss claims of induced infringement, a complaint "must contain facts plausibly showing that [defendant] specifically intended [its] customers to infringe" the asserted patents and "knew that the customer's acts constituted infringement."  *In re Bill of Lading*, 681 F.3d 1323 at 1339; *U.S. Ethernet Innovations*, 2013 WL 8482270, at *3 (to survive a motion to dismiss, a complaint must "contain sufficient facts alleging a direct infringer and plausibly showing that [defendant] specifically intended a third party to commit acts that it knew constituted infringement").

Azure's inducement allegations fail to satisfy this standard for three reasons.  ***First***, for all patents other than the '129 patent—*i.e.*, the continuation patents—the Complaint does not plead facts showing that VIZIO was aware of the continuation patents before Azure filed this suit.  Azure alleges that VIZIO "had knowledge of or was willfully blind to knowledge of " the asserted patents because they are all in the "same patent family" as the '129 patent.  Complaint ¶ 51.  But awareness of a patent family generally cannot provide the basis for the specific intent or willful blindness that gives rise to an inducement claim.  *See Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. 6:13-cv-365, 2014 WL 2892285, at *6 (W.D. Tex. May 12, 2014) (finding that "the defendant's awareness of a plaintiff['s] patent portfolio is not enough to support a willful blindness claim to defeat a motion to dismiss"); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, 2012 WL 1831543, at *3 and n.3 (N.D. Cal. May 18, 2012) ("requisite knowledge of the patent allegedly infringed simply cannot be inferred from mere knowledge of other patents, even if somewhat similar" including other patents that shared a common

specification).  Azure has not adequately shown that VIZIO was aware of the continuation

patents before filing this suit, and post-suit knowledge alone cannot give rise to an inducement

claim.  *See Aguirre v. Powerchute Sports, LLC*, No. 10-CV-0702, 2011 WL 2471299, at *3

(W.D. Tex. June 17, 2011) ("To the extent [Plaintiff] relies on knowledge of [the] patent after the

lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect

infringement.").

       *Second*, Azure alleges no facts to satisfy the requirement of specific intent.  The general

allegation that VIZIO "knew and/or was willfully blind to" third parties' infringement,

Complaint ¶ 51, is entirely conclusory—and such conclusory allegations are "not entitled to be

assumed to be true" on a motion to dismiss.  *Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at

554-55).  Azure's complaint contains no ***factual*** allegations about VIZIO's alleged knowledge

or willful blindness.  District courts throughout the country routinely dismiss claims for induced

infringement that make precisely the kind of conclusory allegations that Azure has made.  *See,*

*e.g., Superior Indus.*, 700 F.3d at 1296 (dismissing induced infringement claims in part because

complaint made "no factual assertions at all to support the legal conclusion of specific intent);

*Norman IP Holdings, LLC v. Chrysler Group, LLC*, No. 6:13-cv-00278, Dkt. 216, at 6 (E.D.

Tex. Mar. 5, 2014), *report and recommendation adopted* Dkt. No. 226 (granting motion to

dismiss inducement claims that merely alleged that defendant "induced customers to

infringe…by provid[ing] related services, specifications, and instructions for the installation and

infringing operation" of the accused products); *U.S. Ethernet Innovations*, 2013 WL 8482270, at

*4 (allegations of inducement stating that defendant "'supplies' infringing systems and

components and provides 'instructions' to its customers" did not adequately state a claim);

*Affinity Labs of Texas, LLC v. Toyota Motor North America*, No. 13-CV-365, 2014 WL

2892285, at *3 (W.D. Tex. May 12, 2014).[3]

*Third*, Azure does not allege any facts as to "why or how" the supposed third parties "such as consumers, businesses, distributors, resellers, sales representatives, agents, channel partners, end users, and customers" directly infringe.  Complaint ¶ 50.  Because Azure's allegations fail to show "why or how [those third parties] would be direct infringers," they are insufficient.  *EnLink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*, No. 09-cv-3524, 2010 WL 1221861, at *2 (N.D. Cal. Mar. 24, 2010) (dismissing inducement claims where the "complaint merely repeats the exact language from the statute without adding any factual allegations"); *see also Air Vent, Inc. v. Owens Corning Corp.*, No. 10-cv-1699, 2011 WL 2601043, at *4 (W.D. Pa. June 30, 2011) (dismissing inducement claims where the complaint "does not aver any facts as to why or how such purchasers or users would be direct infringers").

### (2)    Azure's Complaint fails to state a claim for willful infringement.

Azure has also failed to adequately plead willful infringement for two distinct reasons: (1) it has not alleged facts sufficient to show VIZIO's objective recklessness of infringement; and (2) Azure's allegations as to the continuation patents are unsupported, and Azure did not move for a preliminary injunction.

---

[3]  *See also Bonutti Skeletal* Innovations *LLC v. Smith & Nephew, Inc.*, No. 12-cv-1111, 2013 WL 6058472, at *1 n.4 (D. Del. Nov. 18, 2013) (granting motion to dismiss induced infringement claims because plaintiff's bare "[a]llegations that [defendant] knew of [plaintiff's] patents and of its customers' use of [defendant's] products do not suffice to establish that [defendant] also knew that its customers' use of [defendant's] own products would amount to infringement of [plaintiff's] patents"); *Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l.*, 957 F. Supp. 2d 1189, 1198 (S.D. Cal. 2013) (granting motion to dismiss induced infringement because plaintiff's conclusory allegations "fail[ed] to provide…facts plausibly showing that Defendants *specifically intended* third party infringement); *Medsquire LLC v. Spring Med. Sys., Inc.*, No. 11-CV-4504, 2011 WL 4101093, at *3 (C.D. Cal. Aug. 31, 2011) (dismissing conclusory inducement allegations).

(a)     **Azure's barebones, conclusory allegations are insufficient.**

Whether a claim for willful infringement adequately sets forth a claim for relief is measured by the pleading standards in *Twombly* and *Iqbal*.  *U.S. Ethernet Innovations*, 2013 WL 8482270, at *3 (citing *In re Bill of Lading*, 681 F.3d at 1336).  A claim for willful infringement requires proof that (1) the defendant acted despite an "objectively high likelihood that its action constituted infringement of a valid patent," and (2) that "this objectively-defined risk . . . was either known or so obvious that it should have been known" to the defendant.  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  At the pleading stage, "a plaintiff alleging willful infringement should provide enough facts that, when taken as true, show objective recklessness of the infringement risk."  *U.S. Ethernet*, 2013 WL 8482270, at *5 (dismissing willful infringement allegations that were "devoid of facts" and made only a "conclusory assertion" that defendant had knowledge of the asserted patents and continued to infringe).

Azure's allegations of willful infringement in its Complaint fail to show objective recklessness.  Azure's willful infringement claim states only that VIZIO has notice of infringement and continues to "make, use, make available for another's use, offer to license or license in the United States, sell or offer to sell, and/or import the Infringing Product, and/or continue to induce others such as consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, end users, and customers to infringe" the asserted patents. Complaint ¶ 52.  The Complaint goes on to state that the filing of the Complaint gave VIZIO actual notice of infringement and that VIZIO continues to infringe, and that VIZIO had pre-suit knowledge.  Complaint ¶¶ 53, 54.  But these conclusory allegations, without specific facts showing objective recklessness, cannot support a claim for willful infringement.  *See U.S. Ethernet Innovations*, 2013 WL 8482270, at *5; *see also Weyer v. MySpace, Inc.*, No. 2:10-CV-00499, 2010 WL 8445305, at *4 (C.D. Cal. June 17, 2010) (granting motion to dismiss willful

infringement claim for failure to allege any supporting facts); *McRo, Inc. v. Rockstar Games, Inc.*, No. CV 12-1513-LPS-CJB, 2014 WL 1051527, at *7 (D. Del. Mar. 17, 2014) report and recommendation adopted, No. CV 12-1513-LPS-CJB, 2014 WL 1677366 (D. Del. Apr. 24, 2014) (allegations lacking "sufficient specific factual matter about what Defendants or others were actually doing in order to plausibly indicate that, at any point, Defendants were or should have been aware that they were committing patent infringement" insufficient to state a claim for willful infringement).   Accordingly, Azure's claim for willful infringement must be dismissed.

           **(b)**       **Azure fails to state a claim of willful infringement of the continuation patents because Azure does not adequately allege pre-suit knowledge of the patents.**

Even if Azure's allegations of willfulness were not fatally conclusory, Azure's claim of willful infringement of the continuation patents should be dismissed.  Azure has failed to allege facts showing that VIZIO had pre-suit knowledge of the patents, and therefore Azure cannot show that VIZIO acted despite an objectively high likelihood that its conduct constituted infringement.

Azure contends that VIZIO had pre-suit knowledge of the continuation patents solely because they are in the same family as the '129 patent.  Complaint ¶ 54.  That allegation is insufficient.  *See Virginia Innovation Sci., Inc. v. Samsung Elecs. Co.*, 983 F. Supp. 2d 700, 709-10 (E.D. Va. 2013) (dismissing willlfulness claims in part because "there can be no affirmative duty to continue to monitor any patent . . . for continuations or continuations-in-part, which could perhaps, eventually, issue as patents" and plaintiff thus could not show pre-suit knowledge); *Vasudevan Software*, 2012 WL 1831543, at *3.

Further, Azure does not allege any facts showing that VIZIO actually knew of the continuation patents, and Azure does not allege that it ever notified VIZIO of any alleged infringement despite having concluded and asserted that Wi-Fi Direct technology infringes over

two years ago in the -750 case.  See -750 case, Complaint ¶ 9.  *See Philips Elecs. N. Am. Corp. v. Contec Corp.*, 312 F. Supp. 2d 639, 641-42 (D. Del. 2004) (plaintiff's silence as to defendant's allegedly infringing conduct allows a defendant to "reasonably infer[] from the patentee's misleading conduct or inaction" that the defendant's actions are non-infringing).  Azure's willful infringement claim should therefore be dismissed as to the continuation patents.

To the extent that Azure's willful infringement claim as to the continuation patents is premised on VIZIO's post-filing conduct, it should still be dismissed because Azure failed to move for a preliminary injunction.  *See In re Seagate*, 497 F.3d at 1374 ("A patentee who does not attempt to stop an accused infringer's activities [through moving for a preliminary injunction] should not be allowed to accrue damages based solely on the infringer's post-filing conduct."); *see also Touchscreen Gestures LLC v. Research in Motion Ltd.*, No. 6:12-CV-264, 2013WL 8505349, at *2 (E.D. Tex. Mar. 27, 2013); *Webmap Techs., LLC v. Google, Inc.*, No. 2:09-CV-343, 2010 WL 3768097, at *4 (E.D. Tex. Sept. 10, 2010).  "Absent additional allegations, the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim."  *Blue Spike, LLC v. Texas Instruments, Inc.*, No. 6:12-cv-00499, Dkt. No. 1006, at 5 (E.D. Tex. Sept. 17, 2013); *see also Touchscreen Gestures*, 2013 WL 8504349, at *2 (same).

## V.    CONCLUSION

Azure's claims of induced and willful infringement are insufficient to state a claim for relief.  Accordingly, VIZIO respectfully requests that the Court dismiss those claims of Azure's Complaint in their entirety.

Dated:  March 16, 2015

Respectfully submitted,

___/s Melissa Smith
Melissa Smith
Gillam & Smith
State Bar No. 24001351
303 S. Washington Avenue
Marshall, Texas  75670
(903) 934.8450
(903) 934.9257 (fax)
*melissa@gillamsmithlaw.com*

William J. Kolegraff
Thomas Whitelaw & Kolegraff, LLP
18101 Von Karman Avenue, Suite 230
Irvine, CA 92612
(949) 679-6400
(949) 679-6405 fax
*bkolegraff@twtlaw.com*

Attorneys for Defendant,
VIZIO, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 16th day of March , 2015.

*/s/ Melissa R. Smith*
Melissa R. Smith